**Homer T. McCRARY, Plaintiff,**

v.

**Carlos M. GUTIERREZ,
et al., Defendants.**

**No. C 06–04174 JW.**

United States District Court,
N.D. California,
San Jose Division.

Dec. 6, 2007.

Andrea M. Miller, Nageley, Meredith & Miller, Inc., Sacramento, CA, James L. Buchal, Attorney at Law, Portland, OR, for Plaintiff.

Robert Pendleton Williams, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT

JAMES WARE, District Judge.

### I. INTRODUCTION

Homer T. McCrary ("Plaintiff") filed this action against Carlos M. Gutierrez,[1] the National Marine Fisheries Service ("NMFS"), and Russ M. Strach (collectively, "Defendants"),[2] alleging Defendants acted contrary to the procedural provisions of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. Presently before the Court are the parties' cross-motions for summary judgment.

The Court found the motions appropriate for submission without oral argument. *See* Civ. L.R. 7–1(b). Based on the papers submitted to date, the Court DISMISSES

---

1. Carlos M. Gutierrez is the United States Secretary of Commerce, who has responsibility for decisions regarding the listing of marine species as threatened or endangered. 16 U.S.C. § 1533(a)(2). The Secretary has delegated his responsibility to the National Marine Fisheries Service.

2. Russ M. Strach is the Assistant Regional Administrator of the Protected Resource Division of the Southwest Region of the NMFS.

Plaintiff's Amended Complaint because the Court lacks subject matter jurisdiction.

## II. BACKGROUND

On March 31, 2006, Plaintiff filed an Amended Complaint, challenging the NMFS' decision not to review Plaintiff's petition to redefine the southern boundary of the California Central Coast evolutionarily-significant unit ("ESU") of coho salmon. (*See* Amended Complaint ¶ 39, hereafter, "AC," Docket Item No. 1.) Plaintiff alleges that Defendants violated the APA because they did not observe the procedure required under § 1533 of the ESA in determining full review of the petition was "not warranted." (*See id.* ¶ 138.)

Plaintiff is an individual who owns land and timber interests along the California coast south of San Francisco. (*Id.* ¶ 1.) On November 6, 2003, Plaintiff filed a "Petition to Redefine the Southern Extent of the Central California Coho ESU," seeking to "exclude that portion of the ESU south of San Francisco Bay" from protection under the ESA. (Administrative Record, hereafter, "AR," Doc. 51, Docket Item No. 24.) On February 6, 2004, Plaintiff submitted an addendum with additional information regarding the original petition. (*Id.*, Doc. 53.) On July 16, 2004, the NMFS's Southwest Fisheries Science Center found, "Scientific evidence does not support the petitioners' request to exclude the area south of San Francisco" from the Central California ESU. (*Id.*, Doc. 55.)

On October 18 and 25, 2004, Plaintiff responded by submitting more information to supplement his petition. (*See id.*, Docs. 60, 61.) After considering Plaintiff's additional submissions, the NMFS's Southwest Fisheries Science Center again found that the petition was not supported by scientific

results. (*Id.*, Doc. 67.) Plaintiff responded to the NMFS' second finding with further submissions. (*See id.*, Docs. 69, 72, 73, 80.) On November 30, 2005, representatives from the NMFS's Southwest Fisheries Science Center met personally with Plaintiff to discuss the petition. (*See id.*, Docs. 69, 72, 73, 79, 80.)

On March 23, 2006, NMFS issued a ninety-day finding pursuant to 16 U.S.C. § 1533(b)(3)(A) that Plaintiff's petition did not present "substantial scientific or commercial information indicating that the petitioned action may have been warranted." 71 Fed.Reg. 14683. It is this finding that Plaintiff alleges was contrary to the procedure outlined by the ESA in violation of the APA.

The parties agreed that this case was amenable to summary judgment based on the administrative record. (Joint Case Management Statement at 2, 4, Docket Item No. 20.) Presently before the Court are the parties* cross-motions for summary judgment[3] In addition to their motion for summary judgment, Defendants request dismissal on the ground that the Court lacks jurisdiction. (Defendants* Motion at 14.) Since the jurisdictional challenge may obviate the need to consider the cross-motions on their merits, the Court proceeds to consider whether it has jurisdiction over this action.

## III. DISCUSSION

At issue is whether Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Defendants contend that the Court lacks jurisdiction because Plaintiff failed to give sixty days notice before filing suit as required under § 1540 of the ESA. (Defendants' Motion at 14.) Plaintiff

---

3. (Plaintiff's Motion for Summary Judgment, hereafter, "Plaintiff's Motion," Docket Item No. 37; Defendants' Combined Opposition to Plaintiff's Motion for Summary Judgment and

Cross–Motion for Summary Judgment, hereafter, "Defendants' Motion," Docket Item No. 41.)

contends that notice was not required because the Court has jurisdiction under the APA.[4]

■ The ESA provides that "any person may commence a civil suit on his own behalf ... against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary to the Secretary." 16 U.S.C. § 1540(g)(1)(C). Since the ESA mandates that the Secretary "shall make determinations" regarding petitions "solely on the basis of the best scientific and commercial evidence available," determinations on petitions are not within the discretion of the Secretary. *See Ass'n of Cal. Water Agencies v. Evans,* 386 F.3d 879, 883–884 (9th Cir.2004); *Fed'n of Fly Fishers v. Daley,* 200 F. Supp 2d 1181, 1186 (N.D.Cal.2002). Thus, the Secretary's failure to make a determination based on the best scientific and commercial evidence available creates a cause of action that falls within the citizen suit provision of the ESA. *See Evans,* 386 F.3d at 883–884; *Daley,* 200 F. Supp 2d at 1186. To bring such a citizen suit, a plaintiff must provide a written sixty-day notice of intent to sue to the alleged violator of the act § 1540(g)(2)(C). The sixty-day notice provision of the ESA citizen suit provision is jurisdictional. *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation,* 143 F.3d 515, 520 (9th Cir.1998). A district court may not disregard such a notice requirement at its discretion. *See Hallstrom v. Tillamook County,* 493 U.S. 20, 31, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989).

■ The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, "federal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'" § 704; *Brem–Air Disposal v. Cohen,* 156 F.3d 1002, 1004 (9th Cir.1998); *see Bennett v. Spear,* 520 U.S. 154, 161–62, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). Accordingly, if a plaintiff may bring suit against a responsible federal agency under a citizen suit provision of a particular statute, then he may not bring suit solely under the APA. *Brem–Air,* 156 F.3d at 1005. This prevents a plaintiff from "circumvent[ing] the notice requirement of the citizen suit provision by resorting to the APA." *Id.*

In this case, Plaintiff alleges as follows:

> Defendants' response to Plaintiff's petition was arbitrary, capricious, and contrary to law in violation of the APA. (AC ¶ 17.) Defendants failed to consider the best scientific and commercial data available in continuing to list populations of coho at the southernmost range of the Central California ESU. (AC ¶¶ 37.) Defendants' ninety-day finding was contrary to law because Defendants failed to follow procedure in deciding that the petitioned action was not warranted.[5] (AC ¶ 38.) Plaintiff should have had his petition found to present substantial evidence indicating that the petitioned action may be warranted.[6] *Id.*

---

4. ("Plaintiff's Combined Opposition to Defendants' Cross–Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment at 2, hereafter, Plaintiff's Opposition," Docket Item No. 46.)

5. When the Secretary makes a "not warranted" finding, the petitioning process for that species is terminated. § 1533(b)(3)(A).

6. When the Secretary makes a "may be warranted" finding, the Secretary then has twelve months to determine either: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but precluded by higher priority proposals and expeditions progress is being made to list, delist, or reclassify the qualified species. § 1533(b)(3)(B).

Plaintiff contends that these allegation make jurisdiction under the APA proper because they involve the discretionary conduct of the Secretary, which cannot be subject to a citizen suit. (Plaintiff's Opposition at 2–3.) However, the law does not support Plaintiff's contention.

 Section 1533 of the ESA specifically notes that the Secretary "shall make a finding as to whether the petition presents substantial scientific or commercial information." § 1533(b)(3)(A). The Ninth Circuit has held—in the context of the ESA—that when the statute mandates that the Secretary "shall" act, such action is not within the Secretary's discretion. *See Evans,* 386 F.3d at 883–884. Thus, the subject matter of Plaintiff's sole cause of action falls within the citizen suit provision of the ESA, which allows for a civil cause of action when "there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary to the Secretary." 16 U.S.C. § 1540(g)(1)(C). Since the ESA allows Plaintiff to file a citizen suit, the APA cannot provide jurisdiction for Plaintiff's action. Thus, Plaintiff must comply with the notice provisions of the ESA, *See Brem–Air,* 156 F.3d at 1005.

Plaintiff's Amended Complaint fails to allege that (1) the Court has jurisdiction under the § 1540, the citizen suit provision of the ESA and (2) Plaintiff has complied with the provision's sixty-day notice requirement. Moreover, Plaintiff admits in his opposition papers that he did not effect notice of his action until October 2, 2007. (Plaintiff's Opposition at 6 n. 2.) The Court finds that Plaintiff has not met the notice requirements of the ESA's citizen suit provision, which are jurisdictional. Accordingly, the Court DISMISSES Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

## IV. CONCLUSION

The Court DISMISSES Plaintiff's Amended Complaint for lack of subject matter jurisdiction without prejudice because the notice requirements of the ESA cannot be cured by amendment. *See Hallstrom,* 493 U.S. at 31, 32, 110 S.Ct. 304.

The hearing presently scheduled on December 10, 2007 is VACATED.

The Clerk shall close this file.